UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**RODNEY COLLIER,**<br>Defendant. | **2:22-CR-20666-TGB**<br>HON. TERRENCE G. BERG<br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 3)** |

Defendant Rodney Collier asks this Court to terminate his court-ordered supervised release. Collier states that he has completed over fifty percent of his three-year term of probation, that he has successfully completed the treatment at Shanle Psychological Services ("Shanle"), and that he has several health problems including asthma, COPD, scoliosis, and uses a walker. ECF No. 3. The government opposes Collier's motion for early termination of supervised release. ECF No. 5. For the reasons explained below, the Court finds, after carefully considering Collier's letter, the government's response, and following a detailed conversation with Collier's supervising probation officer, that the interest of justice is served by **GRANTING** Collier's request.

On September 6, 2018, Collier was sentenced to 96 months following a conviction of Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 814(a) and 846. ECF No. 1-1. Collier was placed on supervised release on December 1, 2022. His three-year term is set to

expire on November 30, 2025. On December 12, 2022, a request for transfer from the Eastern District of Kentucky to the Eastern District of Michigan was filed, ECF No. 1, and that transfer was accepted on December 13, 2022. ECF No. 2. Collier's supervising United States Probation Officer ("USPO") is Chelsea Harris.

In March 2023, Collier had two positive tests for cocaine. ECF No. 3. Since then, Collier has diligently attended drug treatment and counseling and has had no positive drug tests. USPO Harris reports that Collier is now stable and in full compliance with all conditions of his supervised release. USPO Harris also reports that for supervisees who have no problems whatsoever, the probation officer usually will approve early termination after completing 50% of the supervised release term.

In August 2024, Collier filed a letter requesting early termination of supervised release. ECF No. 3. He acknowledges his earlier two positive drug tests but states that since then he has successfully completed treatment at Shanle, which he had agreed to extend beyond the typical duration of treatment so that his recovery could have a sustained impact. *Id.* Collier also explained that he has a number of health issues that adversely affect his mobility, including asthma and COPD that require use of oxygen and scoliosis and a lower back surgery that require use of a walker. *Id.*

On November 7, 2024, the government filed an opposition to Collier's letter request. ECF No. 5. The government argues that Collier

has not shown exceptionally good behavior, even though he has successfully completed treatment, noting his two positive drug tests in the early stages of his supervision. *Id.*

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Id.* Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Id.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). Factors include a defendant's "changed circumstances" such as "*exceptionally* good behavior by the defendant" that "render a previously imposed term ... too harsh or

inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (emphasis added).

The Court has carefully considered Collier's letter request, the government's response, the applicable § 3553(a) factors, and held a detailed conversation with USPO Harris. The Court concludes that the facts presented in this case demonstrate that early termination of Collier's term of supervised release is justified in the interest of justice and appropriate here. Specifically,

(a) Collier has now served two-thirds of his supervised release term;

(b) Collier has had no additional positive drug tests since March 2023;

(c) Collier has completed all required drug treatment and therapy and even extended his period of therapy beyond the normal period; and

(d) Collier has significant health problems that render him a lower risk of re-offending.

Accordingly, it is **ORDERED** that Defendant Rodney Collier's motion for termination of supervised release, ECF No. 3, is **GRANTED**.

It is **FURTHER ORDERED** that Collier's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

Dated: January 9, 2025

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE